**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARRY S. ZIGICH, JR., | |
| Plaintiff, | Civil Action No. 17-11857 (MAS) (LHG) |
| v. | **MEMORANDUM OPINION** |
| STEPHEN JOHNSON, et al., | |
| Defendants. | |

Plaintiff is proceeding, in forma pauperis, with a civil rights Complaint filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding in forma pauperis, (*see* Order, Dec. 28, 2017, ECF No. 2), the Court must screen the Complaint to determine whether the case shall be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having completed this screening, for the reasons stated below, the Complaint is dismissed without prejudice.

The Complaint is dismissed for Plaintiff's failure to exhaust administrative remedies. Federal law requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In order to exhaust administrative remedies, a prisoner must properly pursue all administrative remedies to their end. *See Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004). To determine whether a prisoner has exhausted administrative remedies, the Court must evaluate a prisoner's compliance with the prison administrative regulations governing inmate grievances. *Id.*

at 226-27. A prisoner must bring a grievance to the attention of the appropriate prison official so that the facility has an opportunity to respond to the grievance. *Id.* at 227. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by [federal law], but by the prison grievance process itself." *Small v. Camden Cty.*, 728 F.3d 265, 272 (3d. Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)).

Here, Plaintiff's claim of harassment by prison officials is a prison conditions claim for the purposes of § 1997e(a). "[W]e hold that the . . . exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). As such, Plaintiff is required to exhaust administrative remedies. In the Complaint, however, Plaintiff admits that he is still in the process of exhausting said remedies, but argues that he should not be required to exhaust because, essentially, the prison grievance process is futile. (*See* Compl. 2, ECF No. 1 ("While on this same date the Plaintiff had filed a grievance which is the next step in the exhaustion process, he contemporaneously files this complaint because he has witnessed what happens to inmates who make abuse complaints against officers and press the issue.").) Futility is not a valid reason to excuse exhaustion. "[Federal law] requires exhaustion of all remedies that are available to an inmate, and that exhaustion is not subject to a 'futility exception.'" *Gerholt v. Orr*, 624 F. App'x 799, 803 (3d Cir. 2015) (citing *Brown v. Croak*, 312 F.3d 109, 112-13 (3d Cir. 2002) and *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000)). As the Third Circuit explained, "[Plaintiff's] belief that he would not obtain any redress by following the prison's established grievance procedure does not provide us with a basis to excuse the exhaustion requirement." *Id.* The Complaint, accordingly, fails to state a claim upon which relief may be granted because it

2

facially demonstrates that Plaintiff did not exhaust his administrative remedies as required by federal law, and is dismissed without prejudice. *See Rowann v. Coleman*, 481 F. App'x 44, 46 n.3 (3d Cir. 2012) ("[A]lthough a District Court should generally not raise sua sponte the affirmative defense of failure to exhaust, . . . it may do so if the defense is apparent from the face of the complaint.").

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 3/13/18